IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1995-cr-40003-JPG |
| ) | |
| ESTON THOMAS, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

**GILBERT, District Judge:**

This matter comes before the Court on Thomas's pro se motion for reduction of sentence pursuant to Title 18 U.S.C. §3582(c)(2). (Doc. 268). The Government hasn't responded to the motion and needn't do so now, as the motion itself conclusively establishes that Thomas isn't entitled to relief and will be denied accordingly.

Procedurally, Thomas cites Amendment 591 to the United States Sentencing Guidelines as the basis for his motion. Because Amendment 591 was made retroactively applicable by Congress, the Court notes that such an argument is the proper subject of an 18 U.S.C. §3582 motion. That said, Thomas's position is without merit. Note that Amendment 591 accomplished two things. One, it reiterated that the use of U.S.S.G. §2D1.2 is proper only in cases where the defendant was convicted of a statutory violation involving conduct near a protected location, or involving underage or pregnant individuals, as these are the concerns which led to the enhancements set

-1-

forth in that guideline.  But Thomas doesn't argue that this provision applies here–and neither could he do so, for the Court used §2D1.1, not §2D1.2, to calculate his sentence in this case–so this prong of Amendment 591 is irrelevant.  Two, Amendment 591 clarified that "[t]he sentencing court must apply the offense guideline referenced in the Statutory Index for the statute of conviction," not the guideline corresponding to the sentencing court's notion of "the actual conduct of the offender."  On this note, too, the Court correctly used §2D1.1 to calculate Thomas's sentence.  That's because §3D1.3(a) dictated this result in the first instance, and Amendment 591 doesn't change things one iota.  The guidelines corresponding to the other offenses of conviction in this case–§§2S1.1 and 2S1.2–would've each yielded lower final offense levels and were therefore non-starters under §3D1.3(a), which directs courts to use the offense level "for the most serious of the counts comprising the Group, i.e., the highest offense level of the counts in the Group."  Amendment 591, for its part, only reinforces this language.  Indeed, as applied to this case, it would've prohibited the Court from applying §§2S1.1 or 2S1.2, even had the Court determined that these guidelines more accurately represented "the actual conduct of the offender"–which it did not.  Notably, what Thomas really wants to accomplish in this motion is to challenge the quantity of crack attributed to him at sentencing; he thinks it should've been only 10.3 grams, the minimum amount necessary to sustain *one* of the distribution charges against him.  But in so arguing, Thomas conveniently ignores several important facts in this case: (i) 10.3 was the *minimum* quantity the jury had to have found to sustain the charge–and on Count 5

–certainly *not* the *only* quantity it could've found based on the evidence, and (ii) the evidence presented at trial established well in excess of this amount.  In any event, for present purposes it's sufficient to conclude that Thomas's argument falls outside the scope of Amendment 591 and must therefore be rejected.  Because Thomas's challenge is in essence that "the sentence [imposed on him] is otherwise subject to collateral attack," he can only raise it via 28 U.S.C. §2255 motion, subject of course to its attendant procedural limitations.

For the foregoing reasons, Thomas's pro se motion for reduction of sentence pursuant to Title 18 U.S.C. §3582(c)(2) (Doc. 268) is **DENIED**.

**IT IS SO ORDERED.**

**Dated: June 20, 2005.**

>  **/s/ J. Phil Gilbert**  
>  **J. PHIL GILBERT**  
>  **U.S. District Judge**