UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 95-cr-40003-JPG |
| | ) | |
| ESTON THOMAS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Eston Thomas' *pro se* Motion (Doc. 301) for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10. On July 29, 2008, the Court appointed counsel to fully explore Thomas' potential eligibility for such a reduction. However, said counsel has since filed a Motion (Doc. 306) to withdraw and "no merits" statement because Thomas seeks more of a reduction than counsel believes is available. Both the Government (*see* Doc. 309) and Thomas (*see* Docs. 308, 310) have responded to defense counsel's motion.

After an eight day jury trial, Thomas was found guilty of one count of conspiracy to distribute cocaine and crack cocaine and one count of aiding and abetting in the distribution of crack cocaine.[1] At sentencing, the Court determined that Thomas' total offense level was 42 and that his criminal history category was II. His offense level was calculated using a base offense level of 38 under U.S.S.G. § 2D1.1. Pursuant to U.S.S.G. § 3B1.1(a), Thomas' base offense level was increased by four points because he was found to be the organizer/leader of a criminal activity that involved five or more participants or was otherwise extensive. Thomas' sentencing guideline

---

[1] Thomas was also found guilty of one count of money laundering and one count of engaging in monetary transactions in property derived from specified unlawful activity.

range thereafter became 360 months to life imprisonment. The Court sentenced Thomas to 360 months. Thomas now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (2006). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009).

I.      **Lowered Guideline Range**

Thomas satisfies the first criterion because he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2) (2006). Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine. The amendments reduced Thomas' base offense level from

38 to 36.  His total offense level then fell from 42 to 40, yielding a lower sentencing range of 324 to 405 months imprisonment.

**II.      Consistency with Policy Statements**

Thomas also satisfies the second criterion because allowing a reduction is consistent with the applicable policy statements.  The Sentencing Commission's policy statement governing sentence reductions following guideline amendments is contained in U.S.S.G. § 1B1.10.  That section provides that the guideline range reduction contained in Amendments 706 and 711 may be applied retroactively pursuant to 18 U.S.C. § 3582(c)(2) to reduce previously imposed sentences with certain limitations.  U.S.S.G. § 1B1.10(a)(1) & (c) (2006).  Thus, the Court now has discretion under 18 U.S.C. § 3582(c)(2) to reduce the sentences of some defendants sentenced for offenses involving crack cocaine.  No part of U.S.S.G. § 1B1.10 is inconsistent with granting Thomas a sentence reduction.

Although a reduction in Thomas' sentence is consistent with the applicable policy statements, the magnitude of reduction he requests is not.  He asks the Court to reduce his sentence below the new guideline range of 324 to 405 months, yet the Court is not permitted to do what Thomas asks.  To do so would be inconsistent with U.S.S.G. § 1B1.10(b)(2)(A), which provides that "the Court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range" unless the Court's original sentence was below the guideline range as determined at the time of sentencing.  *See United States v. Cunningham*, 554 F.3d 703, 708 (7th Cir. 2009) (holding courts do not have authority to grant § 3582(c)(2) sentence reductions below the amended guideline range), *cert. denied*, 129 S. Ct. 2826 (2009).  Since Thomas' original sentence was not below the guideline range as determined at the time of sentencing, the Court cannot reduce his sentence now to less than 324 months.

Perhaps sensing that this Court would not reduce his sentence below the new guideline range, Thomas asks that this Court hold its ruling in abeyance in light of *United States v. Dillon*, 572 F.3d 146 (3d Cir. 2009), 78 U.S.L.W. 3334 (U.S. Dec. 7, 2009) (No. 09-6338). While *Dillon* will indeed address whether the guidelines are binding when a district court imposes a new sentence pursuant to a revised guideline range under 18 U.S.C. § 3582, the Court sees fit to issue its ruling now. Namely, the Court has fully reviewed Thomas' file, including the Presentence Report (Doc. 193), and would not reduce his sentence to below the new guideline range even if it had the discretion to do so.

With that said, the Court finds that a reduction to 324 months is appropriate in light of the § 3553(a) factors, *see* 18 U.S.C. § 3582(c)(2), public safety considerations and Thomas' post-sentencing conduct. *See* U.S.S.G. § 1B1.10, note 1(B).

**III.   Conclusion**

For the foregoing reasons, the Court **GRANTS** Thomas' Motion (Doc. 301) and will enter an order in the standard format used by the Court reducing his sentence to 324 months. Additionally, the Court **GRANTS** defense counsel's Motion (Doc. 306) to withdraw. The Court **DIRECTS** the Clerk of Court to mail a copy of this Memorandum & Order to Eston Thomas, Register #03067-025, FCI Greenville, Federal Correctional Institution, P.O. Box 5000, Greenville, IL 62246.

**IT IS SO ORDERED.**
**DATED: February 11, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
