UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

        Plaintiff,

      v.                             Case No. 95-cr-40003-JPG

ESTON THOMAS,

        Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Eston Thomas' *pro se* Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582 and Motion to Appoint Counsel (Doc. 325).  As a preliminary matter, the Court notes that Thomas makes no mention of a request for reduction apart from the mere titling of her motion.  Due to such insufficient factual and legal support, the Court **DENIES** Thomas' motion for reduction.

On February 23, 2010, Thomas filed a Notice of Appeal (Doc. 316) in this Court. Specifically, Thomas sought to appeal from the Court's Order (Doc. 315) of February 17, which granted Thomas' *pro se* Motion for Reduction of Sentence (Doc. 301) pursuant to 18 U.S.C. § 3582 and reduced Thomas' sentence from 360 months to 324 months imprisonment.  The case currently remains with the Seventh Circuit Court of Appeals (Case No. 10-1441).

"The filing of a notice of appeal is an event of jurisdictional significance - it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  *United States v. Ali*, 619 F.3d 713, 722 (7th Cir. 2010) (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)).

Here, Thomas' filing of a notice of appeal has divested the Court of jurisdiction.

Accordingly, the Court has no choice but to **DISMISS** Thomas' motion to appoint

counsel.[1]

For the foregoing reasons, the Court **DIRECTS** the Clerk of Court to

**TERMINATE** the instant motions (Doc. 325).

**IT IS SO ORDERED.**
**Dated: November 15, 2010**

<u>s/ J. Phil Gilbert</u>
**J. PHIL GILBERT**
**DISTRICT JUDGE**

---

[1]Although the Court could transfer the instant motion to the Seventh Circuit, Thomas apparently requests counsel to explore the possibility of a reduction under the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010).  The order from which Thomas appealed, however, was not decided pursuant to the Fair Sentencing Act of 2010.  Moreover, the Seventh Circuit has determined that the Fair Sentencing Act of 2010, does not apply retroactively absent any indication to the contrary from Congress.  *United States v. Bell*, Nos. 09-3908, 09-3914, 2010 WL 4103700, at *11 (7th Cir. 2010).  Therefore, transfer of Thomas' motion is unwarranted.